**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

Chambers of
**Ellen Lipton Hollander**
District Court Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0742

March 2, 2015

MEMORANDUM TO COUNSEL

    Re:    *Liberty Marina Limited Partnership et al. v. Hanover Insurance Company*
             Civil Action No. ELH-14-2595

Dear Counsel:

    As you know, plaintiffs Liberty Marina Limited Partnership ("Liberty Marina") and Liberty Yacht Club, Inc. ("Liberty Yacht Club") filed suit against defendant Hanover Insurance Company ("Hanover"), *see* ECF 2 ("Complaint"), to recover for damage to a marina in Edgewater, Maryland, pursuant to an insurance policy issued by Hanover. *Id.* ¶ 1. In particular, the Complaint includes three counts: Breach of Contract (Count I); Lack of Good Faith (Count II); and "Declaratory Judgment Appraisal" (Count III).[1] *Id.* ¶¶ 25-51.

    Defendant filed a "Motion to Dismiss" (ECF 12), supported by a memorandum of law (ECF 12-1) (ECF 12 and ECF 12-1 are hereafter collectively referred to as "Motion to Dismiss"). Hanover also filed three exhibits (ECF 12-2 through ECF 12-4). In particular, defendant represented that ECF 12-2, the "Marine Schedule of Coverages", and ECF 12-3, the "Commercial Marina Conditions", are part of the insurance policy at issue in this case (ECF 12-2 and ECF 12-3, collectively, "First Policy").[2] *See* ECF 12-1 ¶¶ 3, 7. Plaintiffs opposed the Motion to Dismiss (ECF 14, Opposition), supported by ten exhibits. *See* ECF 14-1 through ECF 14-10. Defendant replied (ECF 17, "Reply").[3] In the Reply, defendant stated, ECF 17 at 1 (internal citation omitted):

> As an initial matter, Hanover supplements and amends its Motion to Dismiss by attaching a complete and correct certified policy of insurance applicable to this matter. Plaintiffs were previously provided with an incorrect copy of their policy, which was erroneously attached to and cited in Hanover's Motion to Dismiss. Hanover apologizes to Plaintiffs and to the Court for this inadvertent oversight.

---

[1] Suit was filed in the Circuit Court of Anne Arundel County and was removed to this Court by defendant based on diversity of citizenship. *See* 28 U.S.C. § 1332(a); ECF 1.

[2] The third exhibit submitted by defendant is a letter from James W. Wood, Executive General Adjuster for Hanover, dated June 20, 2014. *See* ECF 12-4.

[3] Plaintiffs also filed a Motion to Remand (ECF 15), which defendant opposed (ECF 16). The Motion to Remand remains pending.

As defendant indicated, it attached to its Reply a new, purportedly complete and operative insurance policy (ECF 17-1, "Second Policy). The document consists of 176 pages. ECF 17-1. Significantly, with respect to several of the schedules at issue in this case, there appear to be material differences between the First Policy and the Second Policy submitted by defendant. *See* ECF 17-1; ECF 12-2; ECF 12-3.

As a result of defendant's misstep, several disputes have arisen between the parties as to the operative policy and the extent to which plaintiffs should be afforded an additional opportunity to reply to the Motion to Dismiss, given Hanover's submission of a new policy. In particular, plaintiff filed a "Motion to Strike the Policy of Insurance Attached to Defendant's Supplement to and Reply in Support of Motion to Dismiss as it has not been Proffered to the Court with an Appropriate Affirmation" (ECF 18, "Motion to Strike"). Plaintiffs also filed a "Motion and Request for Leave to File Opposition to 'Hanover Insurance Company's Supplement to and Reply in Support of Motion to Dismiss'" (ECF 19, "Motion for Leave to File an Opposition"). Plaintiff's Motion to Strike (ECF 18) and Motion for Leave to File an Opposition (ECF 19) are supported by the same memorandum of law (ECF 20) and thirteen exhibits (ECF 20-2 through ECF 20-14). Defendant opposed the Motion for Leave to File an Opposition (ECF 22).

Hanover also filed a "Motion to for Leave to File a Sur Reply [sic] to the Extent That the Memorandum Filed on November 13, 2014, is Deemed to Go Beyond a Reply to the Motion to Strike" (ECF 25, "Motion for Leave to File Sur Reply"). By Order dated November 17, 2014 (ECF 27), I granted the Motion for Leave to File Sur Reply to provide the plaintiffs with an opportunity to respond to arguments in connection with the Second Policy. I also stated: "[D]efendant may move to rescind this Order on the ground that it was improvidently granted." ECF 27 at 1.

On November 24, 2014, defendant filed a "Request to Rescind This Court's November 17, 2014 Order" (ECF 31, "Motion to Rescind"). Hanover asked the Court to reconsider its decision to grant plaintiffs leave to file a surreply.

Plaintiffs' Motion to Strike (ECF 18), plaintiffs' Motion for Leave to File an Opposition (ECF 19), and defendant's Motion to Rescind (ECF 31) are now pending.

The threshold question raised by defendant's Reply and the motions that followed is which insurance policy controls. Defendant insists that the Second Policy is operative, ECF 17 at 1, while plaintiffs dispute its authenticity, ECF 20 at 7, and contend that the First Policy governs. ECF 28 at 5. In plaintiffs' view, given the uncertainty with respect to which policy applies, "[they] should be afforded reasonable discovery before the court acts on [defendant's Motion to Dismiss, which] is now a motion for summary judgment." ECF 20 at 8.

In evaluating the sufficiency of a complaint in connection with a Rule 12(b)(6) motion, a court ordinarily "may not consider any documents that are outside of the complaint, or not expressly incorporated therein . . . ." *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013); *see Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007). However, a

court may properly consider documents incorporated into the complaint or attached to the motion to dismiss, "'so long as they are integral to the complaint and authentic.'" *U.S. ex rel. Oberg v. Pennsylvania Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014) (quoting *Philips v. Pitt Cty Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)); *see Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014); *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004), *cert. denied*, 543 U.S. 979 (2004); *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)).

Here, as indicated, plaintiffs have contested the authenticity of the Second Policy. ECF 20 at 7. Therefore, in ruling on the Motion to Dismiss, in order to consider the Second Policy and any documents submitted by the parties to establish or contest its authenticity, I must convert the Motion to Dismiss to one for summary judgment. *See* Fed. R. Civ. P. 12(d).

Ordinarily, summary judgment is inappropriate "where the parties have not had an opportunity for reasonable discovery." *E. I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011). To raise adequately the issue that discovery is needed, the non-movant typically must file an affidavit or declaration pursuant to Rule 56(d) (formerly Rule 56(f)), explaining why, "for specified reasons, it cannot present facts essential to justify its opposition" without needed discovery. Fed. R. Civ. P. 56(d); *see Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244-45 (4th Cir. 2002) (discussing affidavit requirement of former Rule 56(f)). And, "[i]n response, the district court may defer consideration of the summary judgment motion, deny the motion, or 'issue any other appropriate order.'" *McCray v. Maryland Dep't of Transp.*, 741 F.3d 480, 483 (4th Cir. 2014) (quoting Fed. R. Civ. P. 56(d)).

Notably, "'Rule 56(d) affidavits cannot simply demand discovery for the sake of discovery.'" *Hamilton v. Mayor & City Council of Baltimore,* 807 F.Supp.2d 331, 342 (D. Md. 2011) (quoting *Young v. UPS,* No. D KC–08–2586, 2011 WL 665321, at *20 (D. Md. Feb. 14, 2011), *aff'd.*, 707 F.3d 437 (4th Cir. 2013), *cert. granted*, ____ U.S. ____, 134 S.Ct. 2898 (2014)). Indeed, a non-moving party's Rule 56 request for additional discovery is properly denied "where the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." *Strag v. Bd. of Trs., Craven Cmty. Coll.*, 55 F.3d 943, 954 (4th Cir. 1995).

In this case, plaintiffs never filed an affidavit under Rule 56, explaining the need to conduct discovery. Moreover, the Fourth Circuit has placed "great weight" on the Rule 56(d) affidavit and has said that a mere "'reference to Rule 56(f) [now Rule 56(d)] and the need for additional discovery in a memorandum of law in opposition to a motion for summary judgment is not an adequate substitute for [an] affidavit.'" *Harrods*, 302 F.3d at 244 (quoting *Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996) (quotation omitted)).

Nevertheless, the Court has "not always insisted on a Rule 56(d) affidavit." *Harrods*, 302 F.3d at 244 (citations omitted). Failure to file an affidavit may be excused "if the nonmoving party has adequately informed the district court that the motion is premature and that more discovery is necessary" and the "nonmoving party's objections before the district court 'served as the functional equivalent of an affidavit.'" *Id.* at 244-45 (internal citations omitted). Simply stated, the non-moving party's failure to file a Rule 56(d) affidavit does not obligate a

district court to issue a summary judgment ruling that is premature. Indeed, if the nonmoving party makes objections that satisfy the purpose of an affidavit," it may not need to file a Rule 56(f) affidavit. *Id.* at 245.

Notwithstanding the absence of a Rule 56 affidavit here, I am satisfied that it is premature to rule on the defendant's Motion to Dismiss, given the dispute as to which insurance policy governs. Therefore, defendant's Motion to Dismiss (ECF 12) will be DENIED, without prejudice.

As a result, I will also DENY as moot plaintiff's Motion to Strike (ECF 18), plaintiff's Motion for Leave to File an Opposition (ECF 19), and defendant's Motion to Rescind ECF (ECF 31).

The abbreviated and expedited schedule below will govern. Each side will be entitled to 12 hours of depositions.

The following Scheduling Order is hereby entered:

<u>DEADLINES</u>

| | |
|---|---|
| March 16, 2015: | Deadline for requests for modification of initial Scheduling Order |
| March 23, 2015: | Plaintiffs' Rule 26(a)(2) disclosures |
| March 30, 2015: | Defendant's Rule 26(a)(2) disclosures |
| April 6, 2015: | Plaintiffs' rebuttal Rule 26(a)(2) disclosures |
| April 13, 2015: | Rule 26(e)(2) supplementation of disclosures and responses |
| April 20, 2015: | Discovery deadline; submission of status report |
| May 8, 2015: | Requests for admission |
| June 8, 2015: | Dispositive pretrial motions deadline |

Despite the informal nature of this Memorandum, it is an Order of the Court and the Clerk is directed to docket it as such.

Very truly yours,

/s/

Ellen Lipton Hollander
United States District Judge