<strong>UNITED STATES DISTRICT COURT</strong><br><strong>DISTRICT OF MARYLAND</strong>

Chambers of                                                               101 West Lombard Street
**Ellen Lipton Hollander**                                      Baltimore, Maryland 21201
District Court Judge                                                        410-962-0742

June 4, 2015

MEMORANDUM TO COUNSEL

  Re: *Liberty Marina Limited Partnership et al. v. Hanover Insurance Company*
     Civil Action No. ELH-14-2595

Dear Counsel:

  As you know, plaintiffs Liberty Marina Limited Partnership ("Liberty Marina") and Liberty Yacht Club, Inc. ("Liberty Yacht Club") filed suit in the Circuit Court for Anne Arundel County against defendant Hanover Insurance Company ("Hanover"), *see* ECF 2 ("Complaint"), to recover for damages to a marina in Edgewater, Maryland, pursuant to an insurance policy issued by Hanover. *Id.* ¶ 1.   In particular, the Complaint includes three counts: Breach of Contract (Count I); Lack of Good Faith (Count II); and "Declaratory Judgment Appraisal" (Count III). *Id.* ¶¶ 25-51.

  Defendant removed the case to this Court based on diversity of citizenship. *See* 28 U.S.C. § 1332(a); ECF 1.   Defendant also filed a "Motion to Dismiss" (ECF 12, "Motion to Dismiss"), supported by a memorandum of law (ECF 12-1, "Def. Memo.") and three exhibits (ECF 12-2 through ECF 12-4).   In particular, defendant represented that ECF 12-2, the "Marine Schedule of Coverages", and ECF 12-3, the "Commercial Marina Conditions", are part of the insurance policy at issue in this case (ECF 12-2 and ECF 12-3, collectively, "First Policy").[1]  *See* ECF 12-1 ¶¶ 3, 7, Def. Memo.

  In the Motion to Dismiss, defendant argued, *inter alia*, that this Court lacks subject matter jurisdiction over the claims in plaintiffs' Complaint because the claims are not ripe.   ECF 12-1 at 4, Def. Memo.   Defendant contended that coverage plaintiffs seek under the operative insurance policy is "conditioned upon complete repair or replacement of the covered property." *Id.* at 8.   In defendant's view, because plaintiffs admit that repairs to the damaged property have not been completed, *see id.* at 7, plaintiffs' claims are "not ripe for judicial determination." *Id.* at 4.

  Plaintiffs opposed the Motion to Dismiss (ECF 14, "Opposition"), supported by ten exhibits.  *See* ECF 14-1 through ECF 14-10.

  Defendant replied (ECF 17, "Reply").   Defendant attached to its Reply a new, allegedly

---

[1] The third exhibit submitted by defendant is a letter from James W. Wood, Executive General Adjuster for Hanover, dated June 20, 2014.  *See* ECF 12-4.

complete and operative insurance policy (ECF 17-1, "Second Policy"), 176 pages in length. Notably, with respect to several of the schedules at issue in this case, there appeared to be material differences between the First Policy and the Second Policy submitted by defendant. *See* ECF 17-1; ECF 12-2; ECF 12-3.  Moreover, defendant argued that the Second Policy controls. ECF 17 at 1, Reply.  In a surreply (ECF 28, "Surreply"), filed with leave of court (ECF 27), plaintiffs disputed the authenticity of the Second Policy (ECF 28 at 3, Surreply), and insisted the First Policy governs. *Id.* at 5.

In a Memorandum to Counsel dated March 2, 2015 (ECF 35), I denied defendant's Motion to Dismiss.  There, I explained that a disposition as to defendant's Motion to Dismiss would be premature because the parties did not agree on the threshold question of which of the two policies submitted by defendant should govern. ECF 35 at 2.  In view of this dispute and the uncertainty as to which policy applies here, I denied defendant's Motion to Dismiss (ECF 12), without prejudice, and permitted the parties to engage in discovery.  ECF 35 at 4.

Currently pending is plaintiff's "Motion to Remand" (ECF 15, "Motion to Remand", or "Motion"), supported by a memorandum of law (ECF 15-1, "Remand Memo.").  The Motion to Remand was filed on September 3, 2014, before the Motion to Dismiss was fully briefed. In the Motion to Remand, plaintiffs ask that in the event the Court finds "that there is a lack of subject matter jurisdiction in accordance with the [Motion to Dismiss] filed by Hanover Insurance Company," the Court should remand the case to the Circuit Court for Anne Arundel County. ECF 15 at 1, Motion to Remand.  In plaintiff's view, defendant "represented to this Court [in its Notice of Removal] that [the Court] had subject matter jurisdiction," but defendant "now takes the inconsistent position that the action is not ripe and that this court lacks subject matter jurisdiction."  ECF 15-1 at 1, Remand Memo.  In other words, plaintiff argues defendant should not be able to remove the case and then argue in its Motion to Dismiss that the Court lacks subject matter jurisdiction.

Defendant opposes the Motion to Remand and insists that it did not take inconsistent positions.  ECF 16.  On the one hand, it maintains that the Court has original jurisdiction over the case on the basis of diversity, rendering removal proper.  *Id.* at 2-3.  Nonetheless, according to defendant, "[u]pon effectuating removal, Hanover is now entitled to assert any merits-based defense by motion pursuant to Rule 12(b)."  *Id.* at 3.  In its view, removing the case on the basis of diversity did not foreclose subsequent argument that the case is not ripe for disposition.  *Id.*

No hearing is necessary to resolve the Motion.  *See* Local Rule 105.6.

The Court has not yet determined which insurance policy applies here.  Nonetheless, even if, as defendant suggests, the governing policy conditions all coverage "upon complete repair or replacement of the covered property," and that plaintiff's claim is not ripe for disposition, so as to warrant dismissal, this ruling would not support a remand.  ECF 12-1 at 8, Def. Memo.

As noted, defendant removed the case to federal court on the basis of diversity. "Congress . . . has granted district courts original jurisdiction in civil actions between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S.

citizens," so long as the amount in controversy exceeds $75,000. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552; see 28 U.S.C. § 1332. This so-called diversity jurisdiction "requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Virginia Energy Co., Inc. v. Mountain State Carbon*, LLC, 636 F.3d 101, 103 (4th Cir. 2011); *see Strawbridge v. Curtiss*, 7 U.S. 267 (1806).

Here, plaintiff does not challenge the existence of diversity jurisdiction. Moreover, if the suit is not ripe in federal court for the reasons stated, it would not be ripe in state court, either. Accordingly, the Motion to Remand (ECF 15) is denied, without prejudice.

Despite the informal nature of this Memorandum, it is an Order of the Court and the Clerk is directed to docket it as such.

Very truly yours,

/s/

Ellen Lipton Hollander
United States District Judge